IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREEN BERET FOUNDATION, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| | § | SA-18-CV-01044-XR |
| JENNIFER PAQUETTE and | § | |
| MELISSA PUCINO, | § | |
| | § | |
| Defendants | § | |

**RESPONSE OF DEFENDANT JENNIFER PAQUETTE
TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**I. PRELIMINARY STATEMENT**

Defendant Jennifer Paquette (Paquette) responds to the Temporary Restraining Order filed by Plaintiff Green Beret Foundation (GBF), advising the Court that she currently remains an elected member of the Board of Directors of GBF, with all rights and responsibilities of a board member. As a board member, Paquette has access to all the information of GBF, like the other members of the board. In fact, she has more right to access the information than James Kester, Rohn Reed, and Tim Slemp, who have exceeded the term limits set by the GBF bylaws. In addition, while Paquette submitted a proposal for an 8 – 10 month transition with severance to a new Executive Director for consideration by the Board of Directors, she did not submit her immediate resignation. GBF's "acceptance" of her alleged resignation was done without proper action by the Board of Directors, as required by GBF bylaws, as was the filing of this lawsuit.

**II. STATEMENT OF FACTS**

1. Paquette, the wife of traumatically injured Green Beret Roland Paquette (Exhibit 2), became the Executive Director of GBF in 2011, after helping to establish GBF in 2009 and serving in other employment capacities (Exhibit 1, para 2). GBF is a California Nonprofit Public

Benefits Corporation whose business and affairs shall be managed by the Board of Directors (Exhibit A).

2. Over the years, Paquette has worked tirelessly for the organization, raising millions of dollars to support the Green Beret family (Exhibit 1, para 8).

3. In 2015, an incident occurred in which two employees deleted and moved files and money (Exhibit 1, para 36). At that time, Paquette and GBF established protocols to avoid loss of information if such an incident occurred in the future (Exhibit 1, para 22).

4. Paquette with the approval of the Board of Directors terminated the employment of Frances Arias, prior to the incidents which are the basis of this lawsuit (Exhibit 1, para 17).

5. As a result of issues which had arisen between Paquette and other board members, on September 19, 2018, Paquette submitted a proposal to every member of the GBF Board of Directors to transition out of her position as Executive Director over an 8 – 10 month period, with severance and the opportunity to remain on the Board of Directors (Exhibit B). Paquette requested the negotiations for the transition be handled through her attorney and the GBF attorney, providing the Board of Directors with the name and contact information for her attorney (Exhibit B).

6. With GBF support, Paquette attends Executive MBA classes at Rice University, in Houston (Exhibit 1, para 7). On Saturday, September 22, 2018, she was in Houston attending class at Rice University.

7. On September 22, 2018, Paquette received a telephone call from GBF Chief Operating Officer and Director of Finance Melissa Pucino (Pucino) who was at the GBF office. Pucino was upset because Rhonda Marshall, support staff for GBF, was "firing" Pucino (Exhibit 1, para 16).

8. Rhonda Marshall brought her husband, Dave Marshall, who is not a GBF employee, to the office with her (Exhibit 1, para 16). Frances Arias, who had been terminated from employment with GBF also arrived at the office on September 22, 2018 (Exhibit 1, para 17).

9. Since Paquette was in Houston, she called her husband Roland Paquette to go to the office and help Pucino (Exhibit 2).

10. At this time, Paquette had no knowledge that GBF had sent an email/letter at 9:32 a.m., "accepting" her resignation nor was she aware GBF issued a press release informing the Green Beret community and the public that she and Pucino resigned their employment with GBF (Exhibit 1, para 23).

11. Paquette did not become aware of the email/letter until Sunday, September 23, 2018 (Exhibit 1, para 23), after she had changed passwords and downloaded documents (Exhibit 1, paras 22, 32, 35).

12. On Monday, September 24, 2018, Paquette through her attorney began working with the GBF attorney to resolve all the issues which had arisen due to the manner in which GBF handled the situation (Exhibit 3).

13. On Tuesday, September 25, 2018, Rone Reed, who has exceeded the term limits set by the GBF bylaws, said the following about Paquette's attorney: "She doesn't seem overly concerned and simply forwarding email. Unless you hear from her by early afternoon I am going to recommend TRO and Injunction to board." (Plaintiff's Exhibit 3)

14. Paquette's attorney recommended that a meeting be set for Paquette, Melissa Pucino, GBF staff, Frances Arias, James Kester, and the attorneys at the GBF offices, to

facilitate the transition (Exhibit 3). When GBF "resigned" Paquette and Pucino on Saturday morning with no plan for transition, it created a chaotic situation.

15. An in-person meeting as requested would have been the fastest solution to the issues caused by GBF "resigning" Paquette and Pucino without obtaining their keys, computers, phones, debit cards, passwords, documents, etc., which they rightfully possessed as employees/board member of GBF (Exhibit 3).

16. Any harm to the reputation of GBF has been caused by the actions of GBF, in issuing a press release (Exhibit D) and Facebook announcement (Exhibit E) of the resignation, before Paquette even became aware of the action, and filing this very public lawsuit which has resulted in press coverage (Exhibit 2).

17. The GBF community took to social media with questions and comments (Exhibit F), resulting from the Interim Executive Director's comment on Facebook: "Now that we have regained control of our main social media channel..." (Exhibit E), in addition to comments by the wife of Acting Board Chair James Kester – who also has exceeded the term limits set by the bylaws – "The GBF staff and Board are working diligently to get FACTUAL information out there, but it does take time." "Everyone is working hard to make sure the FACTS are released and no misinformation is spread." (Exhibit F)

### III. ARGUMENTS AND AUTHORITIES

18. **GBF is not likely to prevail on its claim under the Computer Fraud and Abuse Act.**

The Fifth Circuit and courts across the country have rejected attempts to convert forwarding emails, and downloading of files into a federal criminal offense under the Computer Fraud and Abuse Act (CFAA). See, e.g. *Bridal Expo, Inc. v. Van Florestein*, No. 4:08-cv-03777, 2009 WL 255862, at * 8 (S.D. Tex. Feb. 3, 2009); *Hunn v. Dan Wilson Homes, Inc.,* 789 F.3d

573, 583 (5th Cir. 2015); *LVRC Holding LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009); *Power Equip. Maint., Inc. v. AIRCO Power Servs. Inc.,* 953 F. Supp. 2d 1290, 1296 (S.D. Ga. 2013); *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 968 (D. Ariz. 2008); *Triple Tree, LLC v. Walcker*, No. 16-609, 2016 WL 2621954, at *4 (D. Minn. 2016); *Sebrite Agency, Inc. v. Platt*, 884 F. Supp. 2d 912, 916-18 (D. Minn. 2012); *WEC Carolina Energy Solutions LLC v. Miller*, 687 F.3d 199, 202, 206-07 (4th Cir. 2012).

In many of these cases, employees copied entire vendor databases, client lists, financial information, and trade secrets, but the CFAA claims were still dismissed. Given the large number of cases rejecting GBF's CFAA claims, it is highly unlikely GBF will prevail on the merits.

19. **GBF is not likely to prevail on its claim under the Texas Uniform Trade Secrets Act.**

GBF has accused Paquette of trade secret misappropriation under the Texas Uniform Trade Secrets Act (TUTSA). TEX. CIV. PRAC. & REM. CODE § 134A.002(2). GBF's cited case law demonstrates that GBF will not prevail, since it has failed to show that Paquette *used* any information she is alleged to have taken.

20. **GBF is not likely to prevail on its claim for Breach of Fiduciary Duty.**

GBF claims Paquette was no longer an employee as of September 22, 2018, at 9:32 a.m. If GBF continues with that claim, then as of that time Paquette no longer owed a fiduciary duty to GBF. Former employees do not owe their former employer a general fiduciary duty following termination of employment. *Hunn v. Dan Wilson Homes, Inc*., 789 F.3d 573, 581 (5th Cir. 2015) (holding that "[f]iduciary duties generally terminate at the end of an employment relationship").

21. **GBF is not likely to prevail on its claim under the Texas Theft Liability Act or for Conversion.**

GBF cannot show that Paquette has deprived it of property, because GBF cannot show Paquette withheld property permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to GBF. GBF claims Paquette is holding GBF documents for ransom, but in reality any documents which Paquette possesses are merely copies of documents still in the possession of GBF.

22. **GBF is not likely to prevail on its claim for Tortious Interference With Business Relationships.**

GBF has failed to and cannot identify a single business relationship lost from the actions of Paquette.

23. **GBF is not likely to prevail on its claim under the Electronic Communications Privacy Act/Stored Communications Act**

GBF cannot show that Paquette intentionally exceeded her authorized use of GFB systems for three reasons: (1) Paquette remains an active member of the Board of Directors entitled to access GBF systems, (2) GBF has continued to request Paquette to access the systems to help transition the systems to staff members who do not know how to manage the systems, and (3) at the time Paquette accessed information she believed she was doing so to protect GBF.

24. **GBF is not likely to prevail on its claim for conspiracy.**

GBF cannot show that Paquette and Pucino conspired to commit unlawful, overt acts.

25. **The balance of equities does not support injunctive relief.**

On Saturday morning at 9:32 a.m., GBF sent an email "accepting" Paquette's resignation, which had not been offered. Even though GBF was advised Paquette had retained an attorney, evidenced by the fact that GBF's attorney drafted but did not send a letter to the attorney two days prior (Plaintiff's Exhibit 3), GBF decided to handle the matter by email instead of calls between the attorneys resulting in the drama which occurred.

Even though Paquette and her attorney were working with GBF to fix the problems caused by the manner in which GBF decided to handle the matter, GBF decided to file a lawsuit after they declined an in-person meeting and ignored a request for a telephone call by Paquette's attorney, notifying Paquette's attorney of the lawsuit Friday, September 28, 2018, at 8:45 p.m. Although a copy of the lawsuit was provided, the exhibits were sent in a format which could not be opened by Paquette's attorney (Exhibit 3).

Even though Paquette, Pucino, and their attorneys again reached out to GBF's attorney on Monday, October 1, 2018, to discuss resolution, GBF decided to set the TRO for hearing by sending a Fiat to the court at 7:56 p.m. on October 1, 2018 and then agreed to a telephone call on Tuesday, October 2, 2018.

Even though Paquette has returned property (computers, phone, keys, debit card), made requested changes to GBF systems, instructed GBF staff as to how to use GBF systems, and informed GBF staff as to where they can find information to help them understand how to use GBF systems, GBF still seeks a TRO.

A party seeking injunctive relief must come to court with clean hands.

GBF seeks to enjoin Paquette's access to GBF systems, at the same time requesting she access the systems to fix the problems caused by GBF's handling of the matter.

GBF seeks login information which is contained on GBF equipment located at the GBF office, to which Paquette has no access.

GBF seek return of all electronic information, but requests the information not be deleted from the source during the litigation. Therefore, the information cannot be "returned."

Paquette has returned all equipment requested.

Paquette has agreed not to delete anything, as required when litigation is commenced.

Paquette has not and will not use any information, except to the benefit of GBF.

GBF seeks through a TRO to obtain forensic copies of all personal desktop and/or laptop computers and cell phones, which is not a proper request for a TRO and is, instead, a matter to be addressed during discovery in the lawsuit.

For the reasons stated above, Defendant Jennifer Paquette requests the Court deny Plaintiff Green Beret Foundation's application for a temporary restraining order.

Respectfully submitted,

  /s/ *Malinda A. Gaul*
**Malinda A. Gaul**
State Bar No. 08239800
**GAUL AND DUMONT**
315 E. Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685 (Telephone)
(210) 595-8340 (Fax)
malindag@swbell.net
*Attorney for Defendant Jennifer Paquette*

## CERTIFICATE OF SERVICE

I hereby certify on the 10th day of October, 2018, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

**Robert A. Rapp**
State Bar No. 16550850
**The Rapp Law Firm**
12000 Huebner Rd., Suite 101
San Antonio, Texas 78230

**M. Wilson Stoker**
State Bar No. 24076806
**Cokinos Young**
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746

                                                          ***/s/ Malinda A. Gaul***  
                                                         **Malinda A. Gaul**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GREEN BERET FOUNDATION,** | § § § | |
| Plaintiff | § | |
| v. | § § | Civil Action No. SA-18-CV-01044-XR |
| **JENNIFER PAQUETTE and MELISSA PUCINO,** | § § § | |
| Defendants | § | |

## ORDER DENYING PLAINTIFF'S
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Came on to be heard Plaintiff Green Beret Foundation's Application for Temporary restraining Order and Defendants' responses thereto.

The Court denies the application.

Executed this \_\_\_\_ day of October, 2018.

_____
Xavier Rodriguez
United States District Judge